UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD HYNES,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

Case Nos. 02-80889-08
              08-10517

Honorable John Corbett O'Meara

### ORDER GRANTING RESPONDENT'S AUGUST 19, 2008
### MOTION TO STRIKE PETITIONER'S MOTION FILED UNDER 28 U.S.C. § 2255

This matter came before the court on Respondent's August 19, 2008 motion to strike petitioner

Donald Hynes' motion filed under 28 U.S.C. § 2255. No response was filed, and no oral argument

was heard. LR 7.1(e)(2).

Following a four-day jury trial, defendant/petitioner Donald Hynes, a former Detroit police

officer, was convicted of multiple offenses. He appealed his convictions to the United States Court

of Appeals for the Sixth Circuit, and the appellate court affirmed the judgment in all respects.

United States v. Hynes, 467 F.3d 951 (6th Cir. 2006).

Petitioner Hynes subsequently filed a motion pursuant to 28 U.S.C. §2255, attacking the

validity of his convictions. The motion and "Memorandum of Law" attached to the motion total 124

pages in length and contain an additional 67 pages of attachments.

Rule 7.1(c)(3)(A) of the Local Rules provides that "a brief supporting a motion or response,

including footnotes and signatures, may not exceed 20 pages. A party seeking to file a longer brief

may apply *ex parte* in writing setting forth the reasons."

Petitioner filed his 124-page submission without seeking the court's permission to file a document of that length. Furthermore, even if he had sought permission, the court would have denied his request. Relief under Section 2255 requires a petitioner to meet a highly demanding standard. The standard for obtaining relief is "a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

In his current motion, petitioner Hynes' index indicates that he is raising 53 issues or sub-issues. Many of those issues have already been unanimously rejected by the Sixth Circuit in his direct appeal. "A § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999).

The following issues found in petitioner Hynes' motion and memorandum have been considered and rejected by the Sixth Circuit: whether there had been a variance or constructive amendment of the indictment; charges of bias on the part of the trial court; insufficient evidence to sustain his conviction; instances of ineffective assistance of counsel; and claims of violation of the Speedy Trial Act.

Although 28 U.S.C. § 2255(f)(1) would bar petitioner Hynes from filing a new motion if the court strikes this motion, the court will allow him to file another Section 2255 motion within 60 days of this order, provided that he omits all of the issues that were considered by the Sixth Circuit on his direct appeal.

**ORDER**

It is hereby **ORDERED** that Respondent's August 19, 2008 motion to strike Petitioner's Section 2255 motion is **GRANTED.**

It is further **ORDERED** that Petitioner may file another Section 2255 motion within 60 days

of this order, provided that it adheres to the restrictions of the court outlined above.


                                        s/John Corbett O'Meara
                                        United States District Judge


Date:  September 19, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this
date, September 19, 2008, by electronic and/or ordinary mail.


                                        s/William Barkholz
                                        Case Manager