UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD HYNES,

      Petitioner,                         Criminal Case No. 02-80889
                                                    Civil Case No. 08-10517

v.                                              Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

      Respondent.
_____/

**OPINION AND ORDER**
**DENYING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

Before the court is a *pro se* motion filed by petitioner Donald Hynes on November 19, 2008, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a response to Petitioner's motion on October, 26, 2009, to which Petitioner replied on November 12, 2009. For the reasons discussed herein, Petitioner's motion is denied.

The facts recited in United States v. Hynes, 467 F.3d 951 (6th Cir. 2006), affirming Petitioner's conviction for various offenses related to cocaine theft from the Detroit Police Department, are sufficient to address the legal issues raised by Petitioner.

**LAW AND ANALYSIS**

Petitioner's brief advances four grounds in support of his motion: misrepresentation of evidence, prosecutorial misconduct, ineffective assistance of counsel, and constitutional violations. Additional grounds for relief in Petitioner's motion but not developed in his brief are not considered. See General Star Nat. Ins. Co. v. Adminstratia Asigurarilo de Stat, 289 F.3d 434, 441 (6th Cir. 2002) ("[P]erfunctory and undeveloped arguments are waived." (citation omitted)).

Each of the four grounds in his brief is discussed herein and found to be insufficient to warrant a vacation of judgment pursuant to 28 U.S.C. § 2255.

In order for Petitioner to make claims of error in a 28 U.S.C. § 2255 motion that were not made at trial or on appeal, he must meet the standard set forth in United States v. Frady, 456 U.S. 152 (1982). This standard requires that the convicted defendant, in order "to obtain collateral relief based on trial errors to which no contemporaneous objection was made . . . show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 167. This threshold inquiry of whether the issue is properly before the court is relevant to the analysis of each of Petitioner's claims.

## **Misrepresentation of Evidence and Actual Innocence**

Petitioner argues that some of the evidence offered against him at trial was misrepresented by the government, proving his actual innocence. Specifically, Petitioner contends that the government falsely represented when and how the computer statuses of some of the drugs at issue were changed and argues that he could not have changed the statuses because he was no longer employed. However, Petitioner concedes that even without the evidence regarding the time of the changes, the government still had the testimony of Cole and Lasenby, two co-defendants, to support the case against him.

This issue of the status changes was not raised at trial or on appeal, and thus Petitioner needs to show, per the Frady standard, cause to excuse not raising it and actual prejudice from the alleged misrepresentation of evidence. Petitioner has not given any reason why he did not or could not have raised this issue at trial; thus, he has not shown cause. Additionally, to show prejudice, Petitioner would need to prove that the misrepresentation of the evidence at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of

2

constitutional dimensions." Frady, 456 U.S. at 170.  Petitioner has failed to meet this burden because even with only the testimony of the two co-defendants, the jury could still have convicted Petitioner by crediting their testimony, indicating the status change evidence in controversy could not have affected the trial so substantially.  See 2007 Sixth Circuit Pattern Jury Instruction 7.08.  Thus, Petitioner's claim that evidence was misrepresented at trial is not properly before the court.

Petitioner's related argument that the alleged misrepresentation of the evidence shows he is actually innocent is unsupported.  Claiming actual innocence is not barred by failing to raise the claim at trial or on appeal, but actual innocence requires showing "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  Petitioner does not present any new evidence to prove he is factually innocent; rather, he challenges the legal sufficiency of his conviction because of the alleged misrepresentation of some of the government's evidence against him.  As was discussed above, the government still had the testimony of the co-defendants, which is legally sufficient to uphold the verdict.  In order to prove factual innocence, Petitioner would have had to discredit this testimony, which he has not.  Therefore, Petitioner has not shown his actual, factual innocence by challenging the government's representation of evidence.

**Prosecutorial Misconduct**

Petitioner further contends that the misrepresentation of certain evidence by the government amounted to prosecutorial misconduct requiring vacation of his judgment. Specifically, Petitioner claims the presentation of evidence regarding the time of and change in status of some of the drugs at issue deceived the jury.  However, as discussed above, Petitioner has not demonstrated cause and prejudice as required under Frady to explain his failure to raise

the issue of misrepresentation of this evidence at trial or on appeal. Thus, even if Petitioner's contentions are true, this issue is not properly before the court on a 28 U.S.C. § 2255 motion and is not grounds for vacation of his judgment.

## Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of counsel requires vacation of his judgment because his attorney failed to interview or call certain witnesses. Claims of ineffective assistance of counsel are not subject to the Frady standard of cause and prejudice and may be raised in a 28 U.S.C. § 2255 motion even if the claim could have been raised on appeal. Massaro v. U.S., 538 U.S. 500, 500 (2003).

The standard for determining whether a defendant's counsel was ineffective in a criminal proceeding is a two-prong test described in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must demonstrate that the performance of counsel "fell below an objective standard of reasonableness" within the legal profession. Id. at 688. In making this determination, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, a defendant must establish "that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In applying this two-prong test, a court need not consider whether the attorney acted below the standards of the legal profession if the court determines the counsel's conduct did not sufficiently prejudice the result. Id. at 697.

We need not reach the professional standard prong of the Strickland test because Petitioner has failed to show sufficient prejudice to the trial's result due to counsel's alleged errors. Petitioner claims that counsel's failure to call certain witnesses resulted in prejudice to him because of Petitioner's speculations as to what these witnesses would have said under oath.

4

However, without supporting affidavits, his claims about what these witnesses might have testified at trial are merely speculative and do not establish sufficient prejudice. Even if the uncalled witnesses would have testified as Petitioner expected and described in his brief, the absence of this testimony does not establish prejudice. For instance, Petitioner's assertion that the failure to call additional witnesses from the Detroit Police Department such as Sergeant Ewing and James Gonzales to elicit evidence about flaws in the audit resulted in prejudice to him is unsupported because this evidence was presented to the jury by the government. Therefore, Petitioner's claim of ineffective assistance of counsel is not grounds for vacation of his judgment.

## **Various Constitutional Violations**

Petitioner contends that constitutional violations of the Fourth, Fifth, and Sixth Amendments during an interview prior to his grand jury appearance require vacation of his judgment. Specifically, Petitioner claims that he was coerced into compliance with the interviewing officers and forced into a perjury trap by being shown a check he was later asked about in the grand jury indictment. Petitioner has not raised these claims previously. Again, in order for Petitioner to make claims of error that were not made at trial or on appeal, he must meet the cause and prejudice standard espoused in Frady. In his brief, Petitioner did not allege or establish cause or prejudice for failing to raise the issue previously; therefore, the court need not consider these claims. Even if Petitioner's constitutional claims were properly before the court, they would fail. The government contends Petitioner was shown the check before entering the grand jury room so that he would not be surprised by it and that Petitioner was informed of his right against self-incrimination. Petitioner's contrary assertion that showing him the check constituted an interrogation and was conceived as a perjury trap is not supported because he

5

admitted to being informed of his right against self-incrimination in the grand jury room. Additionally, as a former police officer, Petitioner was familiar with the rights surrounding arrest and interrogation. Therefore, the constitutional violations alleged by Petitioner are not grounds for vacation of judgment.

**ORDER**

It is hereby **ORDERED** that Petitioner's November 19, 2008 motion is **DENIED.**

Date: June 22, 2010

s/John Corbett O'Meara
United States District Judge

I hereby certify that a copy of this Opinion and Order was served upon the parties of record on this date, June 22, 2010, using the ECF system and by ordinary mail.

s/William Barkholz
Case Manager